61 F.3d 916
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 James E. STEWART, Plaintiff-Appellant, and
Twashakarris, Inc., d/b/a English Language Center, an
Oklahoma corporation, Plaintiff,
v.
UNITED STATES of America; Department of Justice;
Immigration & Naturalization Service; Internal
Revenue Service, Defendants-Appellees.
 No. 95-6086.
 United States Court of Appeals, Tenth Circuit.
 July 25, 1995.
 
 Before ANDERSON, BALDOCK and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 James E. Stewart, a pro se litigant, and a corporation, Twashakarris, Incorporated, which is represented by the pro se litigant, appeal an adverse summary judgment.
 
 
 3
 We first dismiss the corporate defendant's appeal. The corporation is represented by Mr. Stewart who is not an attorney. A corporation may appear in court only through an attorney. The corporation thus failed to perfect its appeal and failed to prosecute its appeal.
 
 
 4
 Mr. Stewart commenced this action based upon events which occurred in 1982 and which were previously litigated. The underlying facts were raised through Defendants' motion for summary judgment and the trial court concluded the earlier judgments were a bar to this suit. It is this decision which Mr. Stewart now appeals.
 
 
 5
 Mr. Stewart seeks to avoid the bar of the previous judgments by asserting the previous judgments are void. In short he argues the previous litigations were meaningless as the judgments rendered therein are void and he asserts he is now entitled to relitigate the matters previously raised. He argues the previous judgments are void and unenforceable because they resulted from a gross violation of due process, extrinsic fraud and inaccurate and incomplete factual bases. In fact, this is the second time Mr. Stewart has filed an action seeking to relitigate the issues which were previously decided against him. Mr. Stewart fails to realize this civil action is not the appropriate forum to raise these challenges. There comes a time when litigation ceases. That time has long since passed.
 
 
 6
 Mr. Stewart has failed to convince this court that he may relitigate the issues decided in the prior adjudications.
 
 
 7
 The judgment of the trial court is affirmed for substantially the same reasons set forth in the trial court's order of December 27, 1994, a copy thereof being attached hereto.
 
 ATTACHMENT
 IN THE UNITED STATES DISTRICT COURT FOR THE
 WESTERN DISTRICT OF OKLAHOMA
 
 8
 James E. Stewart, and Twashakarris, Inc., Plaintiffs,
 
 
 9
 vs.
 
 
 10
 United States, et al., Defendants.
 
 No. CIV-94-675-W
 ORDER
 
 11
 LEE R. WEST, District Judge.
 
 
 12
 On July 8, 1994, defendants United States of America, United States Department of Justice, United States Department of Immigration and Naturalization Service (INS) and Internal Revenue Service (IRS) moved for summary judgment against plaintiff Twashakarris, Inc. d/b/a English Language Center (ELC) and its president, plaintiff James E. Stewart.[1] On July 22, 1994, the plaintiffs responded to the defendants' motion and also moved for summary judgment in their favor. On August 5, 1994, the defendants filed a reply, which as the parties were advised on August 17, 1994, the Court considered to be the response to the plaintiffs' motion.
 
 
 13
 On August 22, 1994, the plaintiffs filed a Motion for Declaratory Judgment. The defendants responded and argued that the motion was an unauthorized pleading.
 
 
 14
 The Court has reviewed the record in its entirety. And, based upon its review, the Court now resolves the pending motions.
 
 
 15
 In 1982, ELC was closed by INS agents. As a result, the plaintiffs' financial condition was adversely and significantly affected. On October 19, 1984, Stewart filed suit on ELC's behalf against the INS and certain INS officers and agents. Twashakarris, Inc. v. INS, No. CIV-84-2581-E. On January 10, 1985, the Honorable Luther B. Eubanks sua sponte dismissed the case without prejudice on the grounds Stewart, who is not an attorney, could not represent ELC. An appeal was taken and on March 13, 1986, the United States Court of Appeals for the Tenth Circuit affirmed the dismissal. Twashakarris, Inc. v. INS, No. 85-1913 (10th Cir.1986).
 
 
 16
 On October 29, 1987, ELC and Stewart filed a second action. Twashakarris, Inc. v. United States, No. CIV-87-362-T. On January 30, 1989, the Honorable Ralph Thompson dismissed the action in part on the grounds that certain claims were time-barred. Judge Thompson directed the plaintiffs to amend their complaint to delete the dismissed claims and to plead the remaining claims in accordance with applicable Federal Rules of Civil Procedure. On March 29, 1989, Judge Thompson found the plaintiffs had taken no action in response to his Order of January 30, 1989, and he dismissed the remaining claims with prejudice. On November 22, 1989, the Tenth Circuit affirmed the dismissal. Twashakarris, Inc. v. INS, 890 F.2d 236 (10th Cir.1989).
 
 
 17
 Stewart reported as deductions on his personal income tax returns for years 1985, 1987 and 1988 the losses he had allegedly sustained as a result of ELC's closing. IRS challenged the deductions and the United States Tax Court determined the losses, if any, belonged to the corporation and not Stewart. Stewart v. Commissioner, 63 TCM 2707 (No. 28499-89) (April 8, 1992). Stewart appealed and on February 23, 1993, the Tenth Circuit affirmed the Tax Court's decision. Stewart v. Commissioner, No. 92-9007 (10th Cir.1993).
 
 
 18
 In the instant complaint, the plaintiffs have described the events surrounding the closing of ELC by government officers in 1982 which gave rise to the earlier cases and have sought a hearing on the merits of these cases (since each was terminated prior to adjudication on its merits). The plaintiffs have sought monetary relief for the damages allegedly occurring from November 1, 1982, to date as well as injunctive relief. In particular, the plaintiffs have sought to enjoin the IRS from disputing the deductions claimed by plaintiff Stewart for tax years 1985, 1987 and 1988.
 
 
 19
 To prevail in this case, the plaintiffs must overcome the bar of the earlier judgments. In an attempt to do so, the plaintiffs have argued the judgments are void and unenforceable because they resulted from a gross violation of due process, extrinsic fraud and inaccurate and incomplete factual bases.
 
 
 20
 This Court is not the appropriate forum for these challenges. It is not empowered to review the decisions of the United States Court of Appeals for the Tenth Circuit or the lower court cases giving rise to the circuit decisions to determine if factual or legal errors have occurred.
 
 Accordingly, the Court
 
 21
 (1) GRANTS the defendants' Motion for Summary Judgment filed on July 8, 1994;
 
 
 22
 (2) DENIES the plaintiffs' Motion to Deny Defense Res Judicata and Motion for Summary Judgment filed on July 22, 1994;
 
 
 23
 (3) DENIES the plaintiffs' Motion for Declaratory Judgment filed on August 22, 1994; and
 
 
 24
 (4) ORDERS that judgment in favor of the defendants issue forthwith.
 
 
 25
 ENTERED this 27 day of December, 1994.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 Plaintiff Stewart is pro se. He also appears on behalf of ELC. Corporations may appear in a court of record only by an attorney